# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AMBER BECKER,

    Plaintiff,

v.

CITY OF HENDERSON, et al.,

    Defendants.

2:10-CV-274 JCM (RJJ)

**ORDER**

Presently, before the court is defendants City of Henderson, Officers J. Flewellen, D. Sigmunc, N. Papacs and R. Wilkins' motion for summary judgment. (Doc. #49). Plaintiff Amber Becker has filed an opposition (doc. #52) to which defendants have replied (doc. #55).

This case is a civil rights action in which Ms. Becker alleges that the defendants are responsible for using unlawful and excessive force against her in the course of their duties, causing her to suffer a fractured skull resulting in her lapsing into a coma and remaining unconscious for four days. The defendants have moved for summary judgment, arguing that because Ms. Becker cannot prove how she came to be injured, they are entitled to judgment as a matter of law.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56(c). The moving party bears the burden of presenting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317,

**James C. Mahan**
**U.S. District Judge**

1  323 (1986); *see Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (articulating the standard for authentication of evidence on a motion for summary judgment). The Ninth Circuit has held that summary judgment in excessive force cases should be granted sparingly, because such cases often require "a jury to sift through disputed factual contentions, and to draw inferences therefrom" when balancing an individual's liberty interest with the government's interest in the application of force. *See Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052 (9th Cir. 2003).

The record before the court reflects two things. First, this appears to be the type of case discussed in *Drummond*, where the jury will have to draw credibility determinations regarding whom and what they will believe. More importantly, the record reflects that the defendants have failed to authenticate much of the evidence provided to support the motion for summary judgment under the standards set forth in *Orr*. Pursuant to the Ninth Circuit's holding in *Orr*, consideration of the motion for summary judgment is not proper at this time.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for summary judgment (doc. #49) be, and the same hereby is, DENIED.

DATED April 18, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -